UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ISRAEL CAMEY MORALES, HECTOR MARTINEZ,
LUIS MAURAT, ISAIAS NOE HERRERA, RIGOBERTO
ALFARO, ANGEL ARANA, ALBERTO MORALES,
CARLOS GUARDODA, GONZALO CORDOBA, and
SAUL REYES RAMOS, individually, and on behalf of
all others similarly situated,

                                                         **Plaintiffs,**

        -against-

PERFORMANCE MASTER, INC., FIVE HORSEMEN
CONSTRUCTION INC., FIVE HORSEMEN LLC, and
J.D.M. MARMOL & GRANITE CORP., and RONALD
CHIEN, JOAH SAMUEL, DORREL COUSINS, LESLIE
REID, and DAVID ALLEN, MARCUS ZHIMINAICELA,
and ANGEL ZHIMINAICELA, as individuals,

                                               **Defendants.**
-------------------------------------------------------------------X

Civil Docket No.: 21-cv-00097

**SECOND AMENDED
COLLECTIVE ACTION
COMPLAINT**

*TRIAL BY JURY DEMANDED*

Plaintiffs, **ISRAEL CAMEY MORALES, HECTOR MARTINEZ, LUIS MAURAT,
ISAIAS NOE HERRERA, RIGOBERTO ALFARO, ANGEL ARANA, ALBERTO
MORALES, CARLOS GUARDODA, GONZALO CORDOBA, and SAUL REYES RAMOS,
individually, and on behalf of all others similarly situated,** (hereinafter, the "Plaintiffs"),
by and through their attorneys, Helen F. Dalton & Associates, P.C., allege, upon personal
knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiffs, through their undersigned counsel, bring this Action against: FIVE
HORSEMEN CONSTRUCTION INC., FIVE HORSEMEN LLC, and RONALD CHIEN, as
an individual (collectively, "The Five Horsemen Defendants"); PERFORMANCE MASTER,
INC., DORREL COUSINS, LESLIE REID, and DAVID ALLEN, as individuals (collectively,
"The Performance Master Defendants"); J.D.M. MARMOL & GRANITE CORP., ANGEL
ZHIMINAICELA, and MARCUS ZHIMINAICELA, as individuals (collectively, "The J.D.M.
MARMOL Defendants"); and JOAH SAMUEL, as an individual ("Samuel"), to recover

damages for the egregious violations of state and federal wage and hour laws arising out of the Plaintiffs' employment by the Defendants at various time periods described herein.

2.   As a result of the willful, deliberate, and egregious violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00; Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331.

4.   This Court has supplemental jurisdiction over Plaintiffs' New York Labor Law ("NYLL") state law claims pursuant to 28 U.S.C. §1367.

5.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims complained of herein occurred within this district.

6.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7.   The Plaintiffs are former employees of the above-captioned Defendants, who were employed by the Defendants to perform construction, carpentry, masonry, and other related work for the Defendants, at various times during the period spanning in or around November 2018 to in or around March 2020.

8.   Plaintiff SAUL RAMOS was employed by Defendants to perform work for Defendants from in or around February 2020 until in or around March 2020.

9.   Plaintiff GONZALO CORDOBA was employed by Defendants to perform work for Defendants from in or around November 2018 until in or around March 2020.

10. Plaintiff ISRAEL CAMEY MORALES was employed by Defendants to perform work for Defendants from in or around July 2019 until in or around February 2020.

11. Plaintiff HECTOR MARTINEZ was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

12. Plaintiff CARLOS GUARDODA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

13. Plaintiff ALBERTO MORALES was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

14. Plaintiff ANGEL ARANA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

15. Plaintiff RIGOBERTO ALFARO was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

16. Plaintiff ISAIAS HERRERA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

17. Plaintiff LUIS MAURAT was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

<u>The Job Site</u>

18. Plaintiffs all performed work for Defendants at, *without limitation*, a job site located at 325-327 East 22nd Street, New York, New York 10010 (hereinafter, the "job site").

19. Upon information and belief, Defendant FIVE HORSEMEN CONSTRUCTION INC. was hired as the general contractor at the job site.

20. Upon information and belief, Defendant FIVE HORSEMEN LLC was a contractor at the job site.

21. Upon information and belief, Defendant PERFORMANCE MASTER, INC. was hired as a subcontractor at the job site.

22. Upon information and belief, Defendant J.D.M. MARMOL & GRANITE CORP. was hired as a subcontractor at the job site.

23. At all times relevant hereto, the Corporate Defendants were the parties responsible and/or jointly-responsible for hiring the Plaintiffs to perform work at the job site, for paying the Plaintiffs to perform work at the job site, for supervising Plaintiffs' work at the job site and for providing the materials, goods and other tools for Plaintiffs to work with at the job site.

24. At all times relevant hereto, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times relevant hereto, the Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiffs.

26. Defendants were jointly responsible for setting the terms and conditions of Plaintiffs' employment including work Plaintiffs performed at the job site.

27. Defendants were jointly responsible for determining the Plaintiffs' hours and pay for work Plaintiffs performed at the job site.

28. Defendants were jointly responsible for hiring and firing employees, including Plaintiffs, at the job site.

29. Defendants were jointly responsible for supervision of Plaintiffs' work at the job site.

<u>Defendants FIVE HORSEMEN CONSTRUCTION INC. & FIVE HORSEMEN LLC</u>

30. Defendant FIVE HORSEMEN CONSTRUCTION INC. is a New York domestic business corporation organized under the laws of the State of New York with a principal office located at 515 Madison Avenue, Suite 13C, New York, New York 10022, and a principal place of business located at 25-10 Ulmer Street, 2nd Fl., Flushing, New York 11354.

31. Defendant FIVE HORSEMEN CONSTRUCTION INC. is a corporation authorized to conduct and transact business under the laws of the State of New York.

32. Defendant FIVE HORSEMEN LLC is a New York domestic limited liability company organized under the laws of the State of New York with a principal office located at 515 Madison Avenue, Suite 13C, New York, New York 10022.

33. Defendant FIVE HORSEMEN LLC is a domestic limited liability company authorized to conduct and transact business under the laws of the State of New York.

34. FIVE HORSEMEN CONSTRUCTION INC. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person, and (ii) has had an annual gross volume of sales of not less than $500,000.00.

35. FIVE HORSEMEN LLC is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of

goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person, and (ii) has had an annual gross volume of sales of not less than $500,000.00.

Defendant RONALD CHIEN

36. Defendant RONALD CHIEN is the owner of Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

37. Defendant RONALD CHIEN is the President of Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

38. Defendant RONALD CHIEN is an authorized agent of Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

39. Defendant RONALD CHIEN is the sole owner of FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

40. Defendant RONALD CHIEN operates Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

41. Defendant RONALD CHIEN manages Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

42. Defendant RONALD CHIEN has power over all final personnel decisions at Defendants FIVE HORSEMEN CONSTRUCTION INC., and FIVE HORSEMEN LLC.

43. Defendant RONALD CHIEN has power over all final payroll decisions at Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

44. Defendant RONALD CHIEN has the power to hire and fire employees at Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC., establish and pay their wages, set their work schedule, and is the individual responsible for maintaining all of the employees' employment records.

45. During all times relevant hereto, Defendant RONALD CHIEN was the Plaintiffs' employer within the meaning and intent of the FLSA, and the NYLL.

The Performance Master Defendants

46. Defendant PERFORMANCE MASTER, INC. is a New York domestic business corporation organized under the laws of the State of New York with a principal office located at

1950 Lafayette Avenue, P.O. Box 270, Bronx, New York 10473 and also 1579 Metropolitan Avenue, Apt #8D Bronx, NY 10462.

47. Defendant PERFORMANCE MASTER, INC. is a corporation authorized to conduct and transact business under the laws of the State of New York.

48. Defendant DORREL COUSINS is the owner of Defendant PERFORMANCE MASTER, INC.

49. Upon information and belief, Defendants LESLIE REID, and DAVID ALLEN, are joint owners of PERFORMANCE MASTER, INC.

50. Plaintiffs have identified these three individuals by the names of DORREL COUSINS, LESLIE REID, and DAVID ALLEN, as being the managers, supervisors and executives of, and closely associated with, the Defendant PERFORMANCE MASTER, INC., and that DORREL COUSINS, and LESLIE REID, and DAVID ALLEN, were frequently present at the Defendant PERFORMANCE MASTER, INC.'s place of business including at the job sites to supervise the work of its employees, including the Plaintiffs' work.

51. During all times relevant hereto, Defendants DORREL COUSINS, and LESLIE REID, and DAVID ALLEN, held themselves out as being the managers, the supervisors and/or executives of and associated with, the Defendant, PERFORMANCE MASTER, INC.

52. Upon information and belief, Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN were, and are, the managers, supervisors and/or executives of the Defendant PERFORMANCE MASTER, INC.

53. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN were and are agents of Defendant PERFORMANCE MASTER, INC.

54. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN operate Defendant PERFORMANCE MASTER, INC.

55. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN have shared power over the final personnel decisions at Defendant PERFORMANCE MASTER, INC.

56. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN have joint power over all the final payroll decisions at Defendant PERFORMANCE MASTER, INC.

57. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN have and/or exclusively share in the power and authority to hire, and fire, all of the employees of Defendant PERFORMANCE MASTER, INC., and are the individuals responsible for establishing and

paying employees their wages, setting their work schedules, and maintaining all of their employment records, including the Plaintiffs.

58. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN, would be present on the job site several times per week to check on the status of the projects and the work done by Plaintiffs at the job site.

59. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN, would regularly instruct the workers, and their employees, including the named Plaintiffs, on what work and jobs needed to be done or corrected at the job site.

60. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN, instructed and informed the workers at the job site(s), including the Plaintiffs, that they would provide goods, materials and certain tools whenever Plaintiffs needed, instructed Plaintiffs on what tools to use, and provided for those tools.

61. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN were responsible for determining when employees would stop working each day on the job site.

62. Defendants DORREL COUSINS, LESLIE REID, and DAVID ALLEN would instruct supervisors or foremen at the job site when to have workers stay late on the job site.

63. Upon information and belief, workers at the job site including Plaintiffs, were told, and understood that employment related decisions at the job site were made by DORREL COUSINS, LESLIE REID, and DAVID ALLEN.

64. Upon information and belief, workers at the job site including Plaintiffs, were told and understood that DORREL COUSINS, LESLIE REID, and DAVID ALLEN were in charge of, and responsible for, the project(s), including the supervision of all the workers and/or the subcontractors at the job site(s).

65. Upon information and belief, DORREL COUSINS, LESLIE REID, and DAVID ALLEN, would regularly deliver and distribute Plaintiffs' wage(s) owed to Plaintiffs for the work Plaintiffs performed at the job site(s).

66. During all times relevant hereto, DORREL COUSINS, LESLIE REID, and DAVID ALLEN were the Plaintiffs' employer within the meaning and intent of the FLSA and NYLL.

67. Defendant PERFORMANCE MASTER, INC., is, at present, and has been at all times relevant to the allegation herein, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the

production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person, and (ii) has had an annual gross volume of sales of not less than $500,000.00.

<u>The J.D.M. MARMOL & GRANITE CORP Defendants</u>

68. Defendant J.D.M. MARMOL & GRANITE CORP. is an active New York domestic business corporation organized under the laws of the State of New York **(DOS ID:** 4095926) with a principal office located at 49-05 103rd Street, Apartment 2A, Corona, New York 11368.

69. Defendant J.D.M. MARMOL & GRANITE CORP. is a corporation authorized to conduct and transact business under the laws of the State of New York.

70. Defendant J.D.M. MARMOL & GRANITE CORP, is at present, and has been at all times relevant to the allegation stated herein, an enterprise that is engaged in interstate commerce within the meaning and intent of the FLSA, in that J.D.M. MARMOL & GRANITE CORP (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person, and (ii) has had an annual gross volume of sales of not less than $500,000.00.

71. Defendant ANGEL ZHIMINAICELA is the owner of Defendant J.D.M. MARMOL & GRANITE CORP.

72. Defendant MARCUS (a/k/a "Marcos") ZHIMINAICELA is the owner of Defendant J.D.M. MARMOL & GRANITE CORP.

73. Upon information and belief, Defendant ANGEL ZHIMINAICELA is the President and/or Chief Executive Officer of Defendant J.D.M. MARMOL & GRANITE CORP.

74. Upon information and belief, Defendant MARCUS ZHIMINAICELA is the President and/or Chief Executive Officer of Defendant J.D.M. MARMOL & GRANITE CORP.

75. Defendant ANGEL ZHIMINAICELA is an authorized agent of Defendant J.D.M. MARMOL & GRANITE CORP.

76. Defendant MARCUS ZHIMINAICELA is an authorized agent of Defendant J.D.M. MARMOL & GRANITE CORP.

77. Defendants ANGEL ZHIMINAICELA, and MARCUS ZHIMINAICELA are joint owners and/or have shared interest in the ownership, income and/or revenues of J.D.M. MARMOL & GRANITE CORP.

78. Defendant ANGEL ZHIMINAICELA operates Defendant J.D.M. MARMOL & GRANITE CORP.

79. Defendant MARCUS ZHIMINAICELA operates Defendant J.D.M. MARMOL & GRANITE CORP.

80. Defendant ANGEL ZHIMINAICELA manages Defendant J.D.M. MARMOL & GRANITE CORP.

81. Defendant MARCUS ZHIMINAICELA manages Defendant J.D.M. MARMOL & GRANITE CORP.

82. Defendant ANGEL ZHIMINAICELA has power over the final personnel decisions of J.D.M. MARMOL & GRANITE CORP.

83. Defendant MARCUS ZHIMINAICELA has power over the final personnel decisions of J.D.M. MARMOL & GRANITE CORP.

84. Defendant ANGEL ZHIMINAICELA has power over all final payroll decisions of Defendant J.D.M. MARMOL & GRANITE CORP.

85. Defendant MARCUS ZHIMINAICELA has power over all final payroll decisions of Defendant J.D.M. MARMOL & GRANITE CORP.

86. Defendant ANGEL ZHIMINAICELA has the power and authority to hire and fire all individuals of, working for, working under, or working for the benefit of, J.D.M. MARMOL & GRANITE CORP.

87. Defendant MARCUS ZHIMINAICELA has the power and authority to hire and fire all individuals of, working for, working under, or working for the benefit of, J.D.M. MARMOL & GRANITE CORP.

88. Defendant ANGEL ZHIMINAICELA is the individual responsible for establishing workers' wages, paying the workers their wages, setting their work hours and schedules, and is the individual responsible for maintaining all of their employment records.

89. Defendant MARCOS ZHIMINAICELA is the individual responsible for establishing workers' wages, paying the workers their wages, setting their work hours and schedules, and is the individual responsible for maintaining all of their employment records.

90. During all times relevant hereto, Defendant ANGEL ZHIMINAICELA was the Plaintiffs' employer within the meaning and intent of the FLSA, and the NYLL.

91. During all times relevant hereto, Defendant MARCOS ZHIMINAICELA was the Plaintiffs' employer within the meaning and intent of the FLSA, and the NYLL.

<u>Defendant JOAH SAMUEL</u>

92. At all times relevant hereto, Defendant JOAH SAMUEL was and is an authorized agent of Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

93. At all times relevant hereto, Defendant JOAH SAMUEL operates Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

94. At all times relevant hereto, Defendant JOAH SAMUEL has power over personnel decisions at Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

95. At all times relevant hereto, Defendant JOAH SAMUEL has power over payroll decisions at Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC.

96. At all times relevant hereto, Defendant JOAH SAMUEL has the power to hire and fire employees at Defendant FIVE HORSEMEN CONSTRUCTION INC. and Defendant FIVE HORSEMEN LLC., establish or pay their wages, set their work schedule, and maintains employment records.

97. Upon information and belief, Defendant JOAH SAMUEL would be present on the job site several times per week to check on the status of the projects at the job site.

98. Upon information and belief, Defendant JOAH SAMUEL would tell the workers, including the Plaintiffs, what needed to be done or corrected on the job site.

99. Upon information and belief, Defendant JOAH SAMUEL told the workers including the Plaintiffs, that he would provide certain tools if they needed them and instructed them on what tools to use.

100. Upon information and belief, Defendant JOAH SAMUEL was responsible for determining when employees would stop working each day on the job site.

101. Upon information and belief, workers at the job site including Plaintiffs, were told and understood that employment related decisions at the job site were made by Defendant JOAH SAMUEL.

102.    Upon information and belief, workers at the job site including Plaintiffs, were told and understood that Defendant JOAH SAMUEL was in charge of projects, including supervising the workers and/or the subcontractors at the job site.

103.    Upon information and belief, Defendant JOAH SAMUEL would deliver and distribute to Plaintiffs wage(s) owed to Plaintiffs for work Plaintiffs performed at the job site.

104.    At all times relevant hereto, Defendant JOAH SAMUEL was the Plaintiffs' employer within the meaning of the FLSA and NYLL.

105.    At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of the Defendants and held out the Plaintiffs as being employees associated with Corporate Defendants.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### ISRAEL CAMEY MORALES

106.    Plaintiff ISRAEL CAMEY MORALES was employed by the Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

107.    During Plaintiff ISRAEL CAMEY MORALES's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and other miscellaneous duties for Defendants such as construction work and pouring concrete from in or around June 2019 until in or around February 2020.

108.    Plaintiff ISRAEL CAMEY MORALES was paid by the Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

109.    During his employment by Defendants, Plaintiff ISRAEL CAMEY MORALES regularly performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

110.    Although Plaintiff ISRAEL CAMEY MORALES regularly performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**HECTOR MARTINEZ**

111.    Plaintiff HECTOR MARTINEZ was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around March 2020.

112.    During Plaintiff HECTOR MARTINEZ' employment by Defendants, his primary job duties consisted of, among other things, performing rebar work, and other miscellaneous duties for Defendants such as construction work and pouring concrete from in or around June 2019 until in or around March 2020.

113.    Plaintiff HECTOR MARTINEZ was paid by Defendants approximately: $1,500.00 per week from in or around June 2019 until in or around January 2020; and *Nothing Whatsoever*, from in or around January 2020 until in or around March 2020.

114.    During his employment by Defendants, Plaintiff HECTOR MARTINEZ regularly performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around March 2020.

115.    Defendants failed to pay Plaintiff HECTOR MARTINEZ the legally prescribed minimum wage for all his hours of work performed for Defendants, in blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

116.    Furthermore, although Plaintiff HECTOR MARTINEZ regularly performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around March 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**LUIS MAURAT**

117.    Plaintiff LUIS MAURAT was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

118.    During Plaintiff LUIS MAURAT's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and other miscellaneous duties for Defendants from in or around June 2019 until in or around February 2020.

119.    Plaintiff LUIS MAURAT was paid by the Defendants approximately: $1,200.00 per week from in or around June 2019 until in or around January 2020; and Nothing from in or around January 2020 until in or around February 2020.

120.     During his employment by Defendants, Plaintiff LUIS MAURAT regularly performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

121.     Defendants failed to pay Plaintiff LUIS MAURAT the legally prescribed minimum wage for all his hours of work performed for Defendants, in blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

122.     Furthermore, although Plaintiff LUIS MAURAT performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### ISAIAS NOE HERRERA

123.     Plaintiff ISAIAS NOE HERRERA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

124.     During Plaintiff ISAIAS NOE HERRERA's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and other miscellaneous duties for Defendants from in or around June 2019 until in or around February 2020.

125.     Plaintiff ISAIAS NOE HERRERA was paid by the Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

126.     During his employment by Defendants, Plaintiff ISAIAS NOE HERRERA performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

127.     Although Plaintiff ISAIAS NOE HERRERA performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## RIGOBERTO ALFARO

128.    Plaintiff RIGOBERTO ALFARO was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

129.    During Plaintiff RIGOBERTO ALFARO's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and related job tasks and duties for Defendants from in or around June 2019 until in or around February 2020.

130.    Plaintiff RIGOBERTO ALFARO was paid by Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

131.    During his employment by Defendants, Plaintiff RIGOBERTO ALFARO performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

132.    Although Plaintiff RIGOBERTO ALFARO performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## ANGEL ARANA

133.    Plaintiff ANGEL ARANA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

134.    During Plaintiff ANGEL ARANA's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and other miscellaneous duties for Defendants from in or around June 2019 until in or around February 2020.

135.    Plaintiff ANGEL ARANA was paid by the Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

136.    During his employment by Defendants, Plaintiff ANGEL ARANA performed work for the Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

137.    Although Plaintiff ANGEL ARANA performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours

worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## ALBERTO MORALES

138.    Plaintiff ALBERTO MORALES was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

139.    During Plaintiff ALBERTO MORALES' employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, and other miscellaneous duties for Defendants from in or around June 2019 until in or around February 2020.

140.    Plaintiff ALBERTO MORALES was paid by the Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

141.    During his employment by Defendants, Plaintiff ALBERTO MORALES performed work for Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

142.    Although Plaintiff ALBERTO MORALES performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## CARLOS GUARDODA

143.    Plaintiff CARLOS GUARDODA was employed by Defendants to perform work for Defendants from in or around June 2019 until in or around February 2020.

144.    During Plaintiff CARLOS GUARDODA's employment by Defendants, his primary job duties consisted of, among other things, performing carpentry and rebar work and other miscellaneous duties for Defendants from in or around June 2019 until in or around February 2020.

145.    Plaintiff CARLOS GUARDODA was paid by the Defendants approximately $1,200.00 per week from in or around June 2019 until in or around February 2020.

146.    During his employment by Defendants, Plaintiff CARLOS GUARDODA performed work for Defendants approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020.

147.    Although Plaintiff CARLOS GUARDODA performed work for the Defendants for approximately fifty-four (54) hours or more per week from in or around June 2019 until in or around February 2020, Defendants did not pay him at a rate of time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## GONZALO CORDOBA

148.    Plaintiff GONZALO CORDOBA was employed by Defendants from in or around November 2018 until in or around March 2020.

149.    During Plaintiff GONZALO CORDOBA's employment by Defendants, his primary job duties consisted of, among other things, performing work as a porter and performing other miscellaneous duties for Defendants at Defendants' various job sites from in or around November 2018 until in or around March 2020.

150.    Plaintiff GONZALO GUARDODA was paid by the Defendants:

   i.                     approximately $1,000.00 per week from in or around November 2018 until in or around December 2019; and

   ii.                    Nothing from in or around January 2020 until in or around March 2020.

151.    Plaintiff GONZALO CORDOBA worked approximately seventy-two (72) hours per week throughout his employment by Defendants from in or around November 2018 until in or around March 2020.

152.    Defendants failed to pay Plaintiff GONZALO CORDOBA the legally prescribed minimum wage for all his hours of work performed for Defendants, in blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

153.    Furthermore, although GONZALO CORDOBA worked approximately for seventy-two (72) hours per week during the period of his employment by Defendants from in or around November 2018 until in or around March 2020, Defendants did not pay him time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## SAUL REYES RAMOS

154.    Plaintiff SAUL REYES RAMOS was employed by Defendants from in or around February 2020 to in or around March 2020.

155.    Throughout Plaintiff SAUL REYES RAMOS' employment by Defendants, his primary job duties consisted of, among other things, performing carpentry, construction and rebar work, and other miscellaneous duties for the Defendants from in or around February 2020 to in or around March 2020.

156.    Throughout Plaintiff SAUL REYES RAMOS' employment by Defendants, the Defendants never paid Plaintiff SAUL REYES RAMOS any compensation whatsoever for the services Plaintiff SAUL REYES RAMOS performed for Defendants from in or around February 2020 until in or around March 2020.

157.    Plaintiff SAUL REYES RAMOS worked approximately fifty (50) hours or more per week throughout his employment by Defendants from in or around February 2020 to in or around March 2020.

158.    Throughout Plaintiff SAUL REYES RAMOS' employment by Defendants, Defendants failed to pay Plaintiff SAUL REYES RAMOS the legally prescribed minimum wage for his hours of work performed for Defendants, in blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

159.    Furthermore, although SAUL REYES RAMOS worked approximately fifty (50) hours or more per week during the period of his employment by Defendants from in or around November 2018 until in or around March 2020, Defendants did not pay him at a rate of time and a half (1.5) for his hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### Defendants' Other Willful Violations of New York Labor Law Common to All Plaintiffs

160.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

161.    Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

162.    Defendants willfully failed to maintain contemporaneous payroll records as required by both NYLL and the FLSA.

163.    Defendants failed to provide Plaintiffs with annual wage statements or pay notices upon each wage pay day as required by both NYLL, and the FLSA.

164.    As a result of the above willful violations of Federal and New York State labor laws, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

165.    Plaintiffs bring this Action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the "collective class."

166.    Collective Class: All persons who are, were, or have been employed by any of the above-captioned Defendants herein as a construction worker, rebar worker, carpenter, porter, concrete pourer, mason worker, day laborer or other similar worker of Defendants, or other similarly titled personnel or personnel performing substantially similar job requirements and/or pay provisions, who were performing the same sort of functions for the Defendant(s), other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols or plans including willfully failing and refusing to pay required minimum wage and/or overtime compensation.

167.    Upon information and belief, the Defendants collectively employed at least 50-100 other employees within the relevant time period who were subjected to similar unlawful payment structures.

168.    The Defendants suffered and permitted Plaintiffs, and the Collective Class, to regularly work in excess of forty (40) hours per week without providing any overtime compensation in violation of the law.

169.    The Defendants suffered and permitted Plaintiffs, and the Collective Class, to regularly work to Defendants for either no compensation or at rates otherwise falling short of the applicable statutory minimum wage required by law.

170.    The Defendants' unlawful conduct has been widespread, repeated, and consistent.

171.    The Defendants had knowledge that Plaintiffs and the Collective Class regularly performed work requiring overtime pay under the law; Defendants' conduct as set forth, was willful and in bad faith, and has caused significant damage to Plaintiffs, and the Collective Class.

172.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.

There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.

173.    Those other similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

174.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

175.    Specifically, among other things, Plaintiffs: regularly worked approximately six (6) day per week for Defendants, regularly began work at around 7:00 a.m. and would regularly work until no earlier than 4:00 p.m. on the job site(s) for Defendants, would generally start and finish work at the same time each day, were typically paid by Defendants at a flat rate per week and were typically not compensated for either all or part of their work performed for Defendants, performed the same, or similar primary job functions for Defendants throughout their employment, and were not paid for their overtime work performed for Defendants, in blatant violation of the overtime provisions within the FLSA and NYLL.

176.    The claims of Plaintiffs are typical of the claims of the putative class.

177.    Plaintiffs and undersigned counsel will fairly and adequately protect the interests of the putative class.

178.    A collective action is far superior to any other available method with respect to the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### (Overtime Wages Under The Fair Labor Standards Act)

179.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

180.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

181.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

182.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

183.    Defendants willfully failed to pay Plaintiffs' overtime wages for their hours regularly worked in excess of forty (40) each week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1) et seq.

184.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants knew or should have known their actions were violations of law, and Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

185.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

## SECOND CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

186.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

187.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

188.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652 in violation of 12 N.Y.C.R.R. 137-1.3.

189.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### (Minimum Wages Under The Fair Labor Standards Act)

190.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

191.    At all relevant times, Defendants failed to pay Plaintiffs a lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

192.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiffs, and the FLSA Collective Plaintiffs.

193.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### (Minimum Wages Under New York Labor Law)

194.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

195.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

196.    At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

197.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

198.    Defendants failed to credit or compensate Plaintiffs at the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

199.    Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under the NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

200.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### (Violations of Notice and Recordkeeping Requirements under New York Labor Law)

201.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

202.    Defendants failed to provide Plaintiffs with a written notice in English, and in Spanish (Plaintiffs' primary language), of Plaintiffs' rate of pay, regular pay day, and such other information as required by NYLL §195(1).

203.    Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Violation of the Wage Statement Requirements of the New York Labor Law)

204.    Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within all preceding paragraphs as if more fully set forth herein.

205.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

206.    Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a judgment:

a.    Declaring  that the within-captioned Defendants were the Plaintiffs' employer(s) within the meaning and the intent of the FLSA, NYLL, and state regulations;

b.    Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

c.    Awarding Plaintiffs unpaid overtime wages;

d.    Awarding Plaintiffs unpaid minimum wages;

e.    Awarding Plaintiffs compensation for any unlawful deductions made by Defendants to Plaintiffs' pay not made in accordance with law;

f.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216, and New York Labor Law §§198(1-a), 663(1);

g.   Awarding Plaintiffs prejudgment and post-judgment interest;

h.   Awarding Plaintiffs the costs of bringing this action, together with an award of reasonable attorneys' fees; and

i.   Awarding Plaintiffs such other or further relief as the Court deems necessary, proper, or equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial on all questions of fact raised herein.

Dated:   January 24, 2022
             Kew Gardens, New York

*Roman Avshalumov*
Roman Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Tel.: (718) 263-9591
Fax: (718) 263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ISRAEL CAMEY MORALES, HECTOR MARTINEZ, LUIS MAURAT, ISAIAS NOE HERRERA, RIGOBERTO ALFARO, ANGEL ARANA, ALBERTO MORALES, CARLOS GUARDODA, GONZALO CORDOBA, and SAUL REYES RAMOS, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

PERFORMANCE MASTER, INC., FIVE HORSEMEN CONSTRUCTION INC., FIVE HORSEMEN LLC, and J.D.M. MARMOL & GRANITE CORP., and RONALD CHIEN, JOAH SAMUEL, DORREL COUSINS, LESLIE REID, and DAVID ALLEN, MARCUS ZHIMINAICELA, and ANGEL ZHIMINAICELA, as individuals,

Defendants.

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT

Civil Docket No.  21-cv-00097 (ER)

*Trial By Jury Demanded*

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415

<u>*Service of this Second Amended Complaint*</u>: *to all defendants*:

**The Performance Master Defendants** (DOS ID: 4770113)
1950 Lafayette Avenue, P.O. Box 270, Bronx, New York 10473
1579 Metropolitan Avenue Apt #8d, Bronx, New York 10462
11 West Sunrise Highway, Suite 2, Freeport, New York 11520

**The J.D.M. MARMOL & GRANITE CORP Defendants** (DOS ID: 4095926)
49-05 103rd Street, Apartment 2A, Corona, New York 11368

**JOAH SAMUEL**
25-10 Ulmer Street 2nd Floor, Flushing, New York, 11354

**The Five Horsemen Defendants**
RIVKIN RADLER, LLP (VIA ECF) ATTORNEYS TO BE NOTICED