UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL CAMEY MORALES, HECTOR
MARTINEZ, LUIS MAURAT, ISAIAS
NOE HERRERA, RIGOBERTO ALFARO,
ANGEL ARANA, ALBERTO MORALES,
CARLOS GUARDODA, GONZALO
CORDOBA, *and* SAUL REYES RAMOS,

      Plaintiffs,

   – against –

PERFORMANCE MASTER, INC., FIVE
HORSEMEN CONSTRUCTION INC.,
FIVE HORSEMEN LLC, J.D.M.
MARMOL & GRANITE CORP., RONALD
CHIEN, JOAH SAMUEL, DORREL
COUSINS, LESLIE REID, DAVID
ALLEN, MARCUS ZHIMINAICELA, *and*
ANGEL ZHIMINAICELA,

      Defendants.

**OPINION & ORDER**

21 Civ. 97 (ER)

RAMOS, D.J.:

Plaintiffs filed this action on January 6, 2021, alleging that defendants had violated state and federal wage and hour laws while plaintiffs were employed by them. Doc. 1; Doc. 49. Defendant Joah Samuel filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on January 19, 2022. Doc. 59. For the reasons set forth below, the motion to dismiss is DENIED.

  **I.  BACKGROUND**

The following facts are based on the allegations in the complaint, which the Court accepts as true for purposes of the instant motion. *See, e.g., Koch v. Christie's Int'l PLC*, 699 F. 3d 141, 145 (2d Cir. 2012).

Plaintiffs are a group of workers who were employed by defendants at various times between November 2018 and March 2020, at a construction site on East 22nd Street in Manhattan. Second Amended Complaint, Doc. 49 ¶¶ 7–18. Five Horsemen was the contractor on the job site, and Performance Master and J.D.M. Marmol were subcontractors. *Id*. ¶¶ 19–22.

Joah Samuel worked for Five Horsemen as a construction manager. Samuel Dec. in Sup., Doc. 60 at 2. He was present at the job site multiple times a week to observe the project's progress, direct the workers as to their tasks, give them required tools, determine their hours and when they could stop working, and distribute their wages. Doc. 49 ¶¶ 97–103. He also was empowered to make decisions regarding their employment. *Id*. ¶ 101. In short, he was "in charge of [the] projects, including supervising the workers and/or subcontractors at the job site." *Id*. ¶ 102.

Plaintiffs filed suit as a collective class, alleging that the defendants subjected them to work weeks of over 40 hours without any overtime compensation or notice or record of their work, and lower-than-minimum wages, in violation of the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *Id*. ¶¶ 168–69, 179–206. Defendant Samuel filed the instant motion to dismiss him as a defendant, claiming that the lawsuit "does not apply to [him] as [he] never hired these workers," and that he had "no involvement with payroll or paying workers." Doc. 60 at 2.

## II. LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Christie's Int'l PLC*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

Samuel argues that he was not the plaintiffs' employer and is therefore not liable for their claims. The FLSA provides a broad definition of what it means to be an employer. It includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203; *see also Remache v. Mac Hudson Grp.*, 2018 U.S. Dist. LEXIS 154099, *10–*11 (E.D.N.Y. 2018) (endorsing this broad employer definition in a similar construction context). The "statutory standard for employer status under the NYLL is nearly identical to that of the FLSA," and courts in this district "apply the [same] analysis to both statutes." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013).

Therefore, the question is whether plaintiffs allege sufficient facts to state a plausible claim that Samuel was, in fact, their employer. The Court finds that they do. The Supreme Court's precedent has made clear that the employer-employee relationship is an economic one, and that "economic reality" is what drives designation as an employer. *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961). To determine whether a particular individual is an employer pursuant to the economic reality test for purposes of both the FLSA and NYLL, courts must consider the totality of the circumstances, and may depend on non-exhaustive factors including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Guerra v. Trece Corp.*, 2020 U.S. Dist. LEXIS 223309, *21 n.10 (S.D.N.Y. 2020) (citing *Carter v. Dutchess Comm. College*, 735 F.2d 8, 12 (2d Cir. 1984)).

Plaintiffs allege sufficient facts to support the finding that, under this economic reality test, Samuel was an employer.

With regards to the first *Carter* factor, the complaint alleges that plaintiffs were told that employment-related decisions at the job site were made by Samuel. Doc. 49 ¶ 101. So, taking plaintiffs' allegations as true, Samuel had the power to fire the employees. This ability to fire is an element of control of a worksite, and this would be the case even if it were also true that he "never hired these workers," as he alleges. Doc. 60 at 2.;*see also Goldberg*, 366 U.S. at 33 (finding control over employment because "the management can expel [workers] for substandard work").

Samuel also directly supervised the employees. He was "present on the job site" several times a week, and told the workers what tasks to do and what tools to use. Doc. 49 ¶¶ 97–99; *see*

*also Guerra*, 2020 U.S. Dist. LEXIS at *28 (finding that going "to the [place of work] several times per week to assess [work conditions] weigh[ed] in favor of . . . status as an employer"). He also told them when they could stop working each day, which necessarily implies that he controlled their schedules and conditions of employment. *Id*. ¶¶ 100–01.

While no facts are alleged that indicate that Samuel set the wages of the employees, he "would deliver and distribute" the wages to the plaintiffs at the work site, so was involved with the method of payment in line with the third factor. *Id.* ¶ 103; *see also Guerra*, 2020 U.S. Dist. LEXIS at *47 (finding defendant to have met this factor because he processed payments and would "distribute . . . payments" even though he did not calculate their amounts). No facts are alleged regarding the fourth factor, related to the maintenance of employment records, besides the conclusory statement that he "maintains employment records." Doc. 49 ¶ 96. Nonetheless, at least three of these factors are therefore clearly met, and "that th[e] fourth factor is not met is not dispositive." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 140 (2d Cir. 1999) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)).

Moving to a broader totality-of-the-circumstances analysis, the Court finds the plaintiffs allege sufficient facts to plausibly establish that Samuel was an employer for the purposes of the FLSA and NYLL. First, as plaintiffs point out, defendant concedes in his motion to dismiss that, as a "construction manager," he oversaw all day-to-day job site operations. Doc. 60 at 2. That Samuel admits to the "actual exercise of control" is a strong indication that he does fall under the FLSA and NYLL's broad definition of employer. *Ocampo v. 455 Hospitality LLC*, 2021 U.S. Dist. LEXIS 178875, *18 (S.D.N.Y. 2021).

Second, plaintiffs sufficiently allege that Samuel was acting in the interest of Five Horsemen. Five Horsemen was the site's general contractor, and Samuel's presence on site to

supervise the project was presumptively in the interest of that company. Doc. 49 ¶¶ 19, 97. His disbursement of the wages owed plaintiffs was clearly in the interest of Five Horsemen as well. *Id.* ¶ 103. Thus, considering the totality of the circumstances, the complaint sufficiently alleges that Samuel was an employer for the purposes of the FLSA and NYLL. While he may not have personally hired the plaintiffs, he controlled the conditions of employment in that he determined the work they performed and when they performed it, and when and how they were paid for doing so. Accordingly, Samuel's claim must be denied.

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED as to the claims against Joah Samuel. The Clerk of Court is respectfully directed to terminate the motion, Doc. 59, and to mail a copy of this order to Joah Samuel.

It is SO ORDERED.

Dated:   May 24, 2022
         New York, New York

                                                  Edgardo Ramos, U.S.D.J.