UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL CAMEY MORALES, HECTOR MARTINEZ, LUIS MAURAT, ISAIAS NOE HERRERA, RIGOBERTO ALFARO, ANGEL ARANA, ALBERTO MORALES, CARLOS GUARDODA, GONZALO CORDOBA, and SAUL REYES RAMOS, individually, and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>-against-<br><br>PERFORMANCE MASTER, INC., FIVE HORSEMEN CONSTRUCTION INC., FIVE HORSEMEN LLC, and J.D.M. MARMOL & GRANITE CORP., and RONALD CHIEN, JOAH SAMUEL, DORREL COUSINS, LESLIE REID, and DAVID ALLEN, MARCUS ZHIMINAICELA, and ANGEL ZHIMINAICELA, as individuals,<br><br>                                        Defendants. | Docket No.: 1:21-cv-00097 (AS)<br><br>**DEFENDANTS FIVE HORSEMEN CONSTRUCTION INC., FIVE HORSEMEN LLC, AND RONALD CHIEN'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** |

Defendants Five Horsemen Construction Inc. ("FH Inc."), Five Horsemen LLC ("FH LLC"), and Ronald Chien ("Chien") (collectively the "Horsemen Defendants") respectfully state, pursuant to Local Rule 56.1(a) of the United States District Courts for the Southern and Eastern Districts of New York, that there is no genuine issue to be tried as to the following material facts:

1.   At all times relevant to Plaintiffs' claims, FH Inc. was a general contracting and building development firm that specializes in ground-up construction, gut renovations, and alterations of luxury condo's and mixed use buildings throughout New York and the Tri-State area. (*See* Affidavit of Ronald Chien, dated January 11, 2004 (the "Chien Aff."), ¶3).

2.   FH Inc. was the general contractor for the construction site located on 327 East 22nd Street New York, NY 10010 (the "22nd Street Construction Project") where Plaintiffs worked for certain periods in 2018, 2019 and 2020 as alleged in this lawsuit. (*See* Chien Aff., ¶4).

3.   FH LLC is a general contracting company that was formed to further business development to secure projects within the public sector.  (*See* Chien Aff., ¶5).

4. FH LLC does not own, operate or finance FH Inc. (*See* Chien Aff., ¶6).

5. Chien is the sole owner of FH Inc. and a principal at FH LLC. (*See* Chien Aff., ¶2).

6. FH LLC had no involvement with the 22nd Street Construction Project and did not contract with any general contractor, subcontractor or sub-subcontractors regarding the 22nd Street Construction Project.

**FH Inc.'s Work With Subcontractors**

7. FH Inc. routinely hires various subcontractors to perform specific services on its construction projects depending on the nature and size of the job, the project location, and the scopes of work, which fluctuates as the project develops. (*See* Chien Aff., ¶8).

8. When a subcontractor is engaged by FH Inc. for a specific project, the subcontractor will staff the project with individuals they employ and supervise. (*See* Chien Aff., ¶9).

9. FH Inc. is not involved with the employment of individuals who work with subcontractors, including their hiring and firing, drug test and background checks, providing work schedules, assigning shifts and duties, setting their rate of pay, and paying their wages. (*See* Chien Aff., ¶10).

10. As the general contractor, FH Inc. is required to comply with the worksite safety regulations under federal, state and local laws and regulations including those of the Occupational Safety and Health Administration ("OSHA") and the New York City Department of Buildings (the "DOB"). (*See* Chien Aff., ¶11).

**The 22nd Street Construction Project**

11. On November 9, 2017, FH Inc. entered into a general contract agreement with Gramercy 1860 LLC C/O SC Property Development LLC. (the "General Contract") to perform

general contracting services for the ground-up construction of a condominium at 327 East 22nd Street New York, NY 10010 (the "22nd Street Construction Project"). (*See* Chien Aff., ¶12).

12. FH Inc. had no ownership interest in the 22nd Street Construction Project. (*See* Chien Aff., ¶13).

13. Neither Chien nor FH LLC had any ownership interest in the 22nd Street Construction Project. (*See* Chien Aff., ¶14).

14. FH Inc. served as the general contractor for the 22nd Street Construction Project. (*See* Chien Aff., ¶4).

15. FH Inc. subsequently entered into a subcontractor agreement with DHC Contracting Inc. ("DHC") on February 21, 2018 (the "DHC Subcontract Agreement"). (*See* Chien Aff., ¶15).

16. Pursuant to the DHC Subcontract Agreement, DHC was solely responsible for the supervision of the work at the 22nd Street Construction Project (*See* Chien Aff., ¶16; Ex. B at p. 5, §4.2.2).

17. FH Inc. had no knowledge or provided any input into how DHC hired, fired, paid and supervised their workers. (*See* Chien Aff., ¶18).

18. FH Inc., FH LLC and I have no ownership interest in DHC. (*See* Chien Aff., ¶20).

19. FH Inc. had no authority to terminate any individual subcontracted or employed by DHC and would have no knowledge if any of DHC's sub-subcontractors and the employees of any DHC sub-subcontractors were fired or transferred to a different project. (*See* Chien Aff., ¶19; Ex. B at p. 5, §4.2.6).

20. FH Inc. was not permitted to give instructions or orders directly to DHC's employees or to DHC's sub-subcontractors. (*See* Chien Aff., ¶17; Ex. B at p. 3, §3.3.2).

21. Under the DHC Subcontract Agreement, DHC had the option to enter into a written subcontract agreement with sub-subcontractors to perform portions of the work for the 22nd Street Construction Project in accordance with the Subcontract Agreement. (*See* Chien Aff., ¶21; Ex. B at §4.2.1).

22. On May 10, 2018, DHC exercised this right by entering into a subcontract agreement with Performance Master Inc. ("Performance Master") (the "PM Sub-Subcontract Agreement"). DHC provided FH Inc. with a copy of the PM Sub-Subcontract Agreement. (*See* Chien Aff., ¶22; Ex. C)

23. Pursuant to the PM Sub-Subcontract Agreement, Performance Master was responsible for furnishing all material, *labor*, equipment, clean up, and necessary services and warranties to complete the sub-subcontract work at the 22nd Street Construction Project. (*See* Chien Aff., ¶24; Ex. C at §3)(emphasis added).

24. Pursuant to the PM Sub-Subcontract Agreement, DHC was required to pay Performance Master for the cost of performing the scope of the work under the PM Sub-Subcontract Agreement. (*See* Chien Aff., ¶23; Ex. C at §4).

25. DHC received progress payments which indicated the percentage of completion of each portion of DHC's work. (*See* Chien Aff., ¶25; Ex. B at §11.1.1).

26. Before issuing the final payment to DHC, DHC had to provide lien waivers from the sub-subcontractors hired by DHC. (*See* Chien Aff., ¶26; Ex. B at p. 15 §11.3.2). Among the lien waivers submitted by DHC to FH Inc. are lien waivers from Performance Master. (*See* Chien Aff., ¶26; Ex. D).

27. FH Inc. had no knowledge and did not provide any input into how Performance Master hired, fired, paid and supervised their workers. (*See* Chien Aff., ¶27).

28. FH Inc. had no authority to terminate any individual employed by Performance Master and has no knowledge if any of Performance Master's employees were fired or transferred to a different project. (*See* Chien Aff., ¶28).

29. FH Inc. has no knowledge of how Performance Master established its rates of payment, methods of payment, and timing of payment for their laborers. (*See* Chien Aff., ¶29).

30. FH Inc. was not in charge of hiring, disciplining, and had no firing authority over Plaintiffs. (*See* Chien Aff., ¶30).

31. Chien did not hire, fire, assign duties, set pay rates and work schedules, and supervise the specific tasks or work assignments of individuals who worked for subcontractors and sub-subcontractors at the 22nd Street Construction Project, including Plaintiffs. (*See* Chien Aff., ¶57).

32. On occasion, Chien visited the 22nd Street Construction Project to meet with the officers of subcontractors and discuss the development and scheduling of the project. (*See* Chien Aff., ¶56).

33. FH, Inc., FH LLC, and Chien do not have any ownership interest in Performance Master. (*See* Chien Aff., ¶31).

34. FH Inc. did not contract with Defendant J.D.M. Marmol & Granite Corp. for the 22nd Street Construction Project. (*See* Chien Aff., ¶32).

35. FH Inc., FH LLC and Chien do not have any ownership interest in Defendant J.D.M. Marmol & Granite Corp. (*See* Chien Aff., ¶33).

36. Plaintiffs' Israel Camey Morales, Arana, Herrera, Ramos, Alfaro, Maraut, and Alberto Morales Verified Responses to the Horsemen Defendants First Set of Interrogatories (the "Interrogatories") are devoid of any assertion that the Horsemen Defendants hired, fired or issued

payment for their work at the 22nd Street Construction Project. (*See* Montoya Decl. at Exs. C1-C7).

37. In their Verified Responses to the Interrogatories, Plaintiffs Israel Camey Morales, Arana, Herrera, Ramos, Alfaro, Maraut, Alberto Morales, Guardoda, and Martinez identified Angel Zhiminaicela as the individual who hired them. (*See* Montoya Decl., Exs. C1-C9, Response to Interrogatory No. 3).

38. In their Verified Responses to the Interrogatories, Plaintiffs Israel Camey Morales, Arana, Herrera, Ramos, Alfaro, Maraut, Alberto Morales, Guardoda, and Martinez identified Angel Zhiminaicela as the individual who directly supervised them. (*See* Montoya Decl. at Exs. C1-C9, Response to Interrogatory No. 5).

39. In their Verified Responses to the Interrogatories, Plaintiffs Guardoda and Martinez also identified Joah Samuel and David Allen as supervisors. (*See* Montoya Decl., Exs. C8, C9, Response to Interrogatory No. 5).

40. In their Verified Responses to the Interrogatories, Plaintiffs Israel Camey Morales, Arana, Herrera, Ramos, Alfaro, Maraut, Alberto Morales, Guardoda, and Martinez admitted they were paid in cash weekly by Angel Zhiminaicela, and sometimes others but Plaintiffs do not recall their names. (*See* Montoya Decl., Exs. C1-C9, Response to Interrogatory No. 7).

41. In their Verified Responses to the Interrogatories, Plaintiffs Israel Camey Morales, Arana, Herrera, Ramos, Alfaro, Maraut, Alberto Morales, Guardoda, and Martinez admitted that they notified Angel Zhiminaicela of their resignation from the job. (*See* Montoya Decl., Exs. C1-C, Response to Interrogatory No. 4).

42. None of Plaintiffs' discovery responses identify FH LLC. (Montoya Decl., ¶25).

43. Plaintiff Cordoba did not response to Horsemen Defendants' Request for Interrogatories. (Montoya Decl., ¶18).

44. No Plaintiff appears in any of FH Inc.'s employee records, certified payroll records for the 22nd Street Construction Project, or on FH Inc.'s electronic timekeeping logs maintained for payroll purposes. (*See* Chien Aff., ¶34).

45. Defendants Dorrell Cousins, Leslie Reid, David Allen, Angel Zhiminaicela and Marcus Zhiminaicela do not appear in any of FH Inc.'s employee records, certified payroll records for the 22nd Street Construction Project, or on FH Inc.'s electronic timekeeping logs maintained for payroll purposes. (*See* Chien Aff., ¶35).

46. Defendants Dorrell Cousins, Leslie Reid, David Allen, Angel Zhiminaicela, and Marcus Zhiminaicela are not owners, officers, or employees of FH Inc. or FH LLC. (*See* Chien Aff., ¶36).

47. FH Inc. employees are paid through paychecks issued by ADP with accompanying pay stubs, and does not pay its employees in cash. (*See* Chien Aff., ¶37).

48. Chien did not distribute any wage payments in cash or otherwise to anyone, including Plaintiffs, at the 22nd Street Construction Project. (*See* Chien Aff., ¶38).

49. None of FH Inc. officers or employees are authorized to distribute any wage payments in cash or otherwise to anyone at the 22nd Street Construction Project. (*See* Chien Aff., ¶39).

50. Chien did not review, approve or sign-off on any timesheets involving Plaintiffs. (*See* Chien Aff., ¶40).

51. None of FH Inc. officers or employees are authorized to review, approve or sign-off on any timesheets involving Plaintiffs. (*See* Chien Aff., ¶41).

96421\315834207.v1

52. FH Inc. did not provide any tools or materials to utilize for the work of the subcontractors or their employees at the 22nd Street Construction Project. (*See* Chien Aff., ¶42).

**Site Safety Procedures At The 22nd Street Construction Project**

53. In compliance with the rules and regulations for the construction industry of the Occupational Safety and Health Administration ("OSHA") and the DOB, FH Inc. is required to perform regular safety checks (including site walk-throughs, inspections and a review of the work to be done for a given day) as well as conduct orientation trainings for all of the on-site laborers, including those assigned to the construction site by any FH Inc.'s subcontractors and the sub-subcontractors engaged by the subcontractors. (*See* Chien Aff., ¶43). These safety orientations or meetings are performed by FH Inc's designated safety director, who is also known as a "Competent Person". *Id.*

54. The DOB requires an authorized agent of an employer to designate a "Competent Person" to be present at a construction site for each scheduled workday to conduct frequent and regular inspections of the job sites. (*See* Chien Aff. ¶46).

55. In compliance with OSHA and DOB regulations, FH Inc. designated Defendant Joah Samuel ("Samuel") as the Safety Director/Competent Person for the 22nd Street Construction Project. (*See* Chien Aff. ¶49).

56. In addition, for site safety compliance purposes, FH Inc. is required to maintain safety orientation sign-in sheets containing the name of the project, the list of all individuals who attended the orientation meetings and the name of the organization or company they work for. (*See* Chien Aff. ¶44). The Competent Person also fills out the safety orientation sheet to provide a summary of the work activity and related safety instructions provided that day. (*See* Chien Aff. ¶44).

57. The safety orientation sheet for February 13, 2020 that was produced by Plaintiffs shows a summary of work activity at the site, the safety instructions provided, the start and end time of the orientation, and the individuals who attended. (*See* Montoya Decl., Ex. A). Nothing in the safety orientation sheet reflects that FH Inc. or Defendant Samuel assigned tasks to Plaintiffs. *Id.*

58. FH Inc.'s binder containing the safety orientation sheets for the 22nd Street Construction Project was stolen from the jobsite. (*See* Chien Aff. ¶45).

59. FH. Inc. kept a daily Sign-In Sheet for its construction sites, including the 22nd Street Construction Project, as required by the DOB's site safety regulations. (*See* Chien Aff. ¶47; Ex. E).

60. Failure to keep a daily Sign-In Sheet would be a violation of the DOB's regulations. (*See* Chien Aff. ¶47).

61. The daily Sign-In Sheets were not used for payroll purposes. *Id.*

62. According to the 22nd Street Construction Project Sign-In Sheets, individuals present at the work site for a given work day would fill out their name and identify the "Organization/Company" that they work for. (*See* Chien Aff. ¶48; Ex. E).

63. As evidenced by FH Inc.'s Daily Sign-In sheets, for every single day that Plaintiffs worked at the 22nd Street Construction Project, they each consistently listed "PM," presumably Performance Master, as their "Organization/Company" and not FH Inc. or FH LLC. (*See* Chien Aff.; Ex. E).

64. None of the Plaintiffs appear in FH Inc.'s daily Sign-In Sheets in 2018 for the 22nd Street Construction Project. (*See* Chien Aff.; Ex. E).

96421\315834207.v1

65. Defendant Samuel was responsible for overseeing the operations at the 22nd Street Construction Project for site safety and quality control purposes, and to conduct site safety orientations for all on-site laborers performing work at the site in compliance with OSHA and DOB requirements. (*See* Chien Aff. ¶50).

66. Defendant Samuel was also authorized to identify any safety hazards and take prompt corrective action, if needed, at the 22nd Street Construction Project in compliance with OSHA and the DOB. *Id.*

67. Defendant Samuel was also responsible for submitting the safety orientation sheets and daily sign-in sheets to FH Inc. in order to comply with the DOB requirements and avoid any DOB violations. (*See* Chien Aff. ¶51).

68. Defendant Samuel was not authorized to provide any tools or materials to any on-site laborer who is not employed by FH Inc. to utilize for their work at the 22nd Street Construction Project. (*See* Chien Aff. ¶52). Defendant Samuels was not authorized to hire, fire, assign duties, set pay rates and work schedules, and supervise the specific tasks or work assignments of individuals who worked for subcontractors and sub-subcontractors at the 22nd Street Construction Project, including Plaintiffs. (*See* Chien Aff. ¶52).

69. If there was an issue at the 22nd Street Construction Project relating to the progress of the work or the blueprints, Defendant Samuel was instructed to discuss those matters with the foreman or any authorized representative of the subcontractor or sub-subcontractors who was at the jobsite on that given day. (*See* Chien Aff. ¶53).

70. Defendant Samuel was not authorized to review, approve or sign-off on any timesheets involving Plaintiffs. (*See* Chien Aff. ¶54).

96421\315834207.v1

71. Defendant Samuel was also not authorized to distribute any wage payments in cash or otherwise to anyone at the 22nd Street Construction Project. (*See* Chien Aff. ¶55).

**The Instant Lawsuit**

72. On January 6, 2021, Plaintiffs commenced this lawsuit as a collective action by filing a Collective Action Complaint. (ECF Doc. 1).

73. On November 4, 2021, Plaintiffs subsequently filed an Amended Collective Action Complaint. (ECF Doc. 34 ).

74. On January 24, 2022, Plaintiffs subsequently filed a Second Amended Collective Action Complaint. (ECF Doc. 49).

75. To date, none of the Plaintiffs filed written consents to opt in. (*See* Montoya Decl., ¶3).


Dated: New York, New York
       January 12, 2024

                                             **HINSHAW & CULBERTSON LLP**
                                             *Attorneys for Defendants Five Horsemen Construction Inc., Five Horsemen LLC, and Ronald Chien*

                                             /s/ Concepcion A. Montoya
                                             Concepcion A. Montoya
                                             Kelechi Ajoku
                                             800 Third Avenue, 13th Floor
                                             New York, New York 10022
                                             Tel: 212-471-6200


TO: ALL COUNSEL OF RECORD

96421\315834207.v1