UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL CAMEY MORALES et al., <br><br>                    Plaintiffs, <br><br> -against- <br><br> PERFORMANCE MASTER, INC. et al., <br><br>                    Defendants. | 21-cv-97 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

On June 6, 2024, the Court granted summary judgment in favor of some defendants. Dkt. 121. The Court also ordered Plaintiffs to submit a letter addressing two things: (1) whether the Court should dismiss Defendant Joah Samuel on the same grounds as those articulated for the Horsemen Defendants, and (2) whether the Court should dismiss the rest of the claims for failure to prosecute. *Id.* at 7–8. The letter was due by June 14, 2024. *Id.* Plaintiff didn't submit a letter by that date. The Court issued an order extending the letter deadline to June 24, 2024, and warned that the claims would be dismissed if Plaintiffs failed to submit a letter by that date. Dkt. 124. Plaintiffs submitted a letter on that date. Dkt. 126.

With respect to Joah Samuel, Plaintiffs continue to argue that Samuel was their "employer" under the FLSA. As evidence, they say Samuel "opened and closed the project" and "gave Plaintiffs timesheets to sign in and out of work." Dkt. 126 at 2. But these tasks are the same ones that Plaintiffs pointed to when arguing that the Horsemen Defendants were liable as their employers, and the Court rejected those arguments. *See* Dkt. 121 at 4–6. For the same reasons, Plaintiffs have not carried their burden to raise a genuine dispute as to whether Samuel was their employer, and summary judgment will be granted in his favor. *See, e.g.*, *Diarama Trading Co., Inc. v. J. Walter Thompson USA, Inc.*, 2005 WL 2148925, at *14 (S.D.N.Y. Sept. 6, 2005)

(dismissing claims against non-appearing defendants after granting summary judgment), *aff'd*, 194 F.App'x 81 (2d Cir. 2006); *see also Pugh v. Goord*, 345 F.3d 121, 124 (2d Cir. 2003) ("A sua sponte award of summary judgment may well be appropriate if it is clear that all of the evidentiary material a party might submit is before the court and no material issue of fact exists.").

But the Court will not dismiss the rest of the claims for failure to prosecute, and Plaintiffs' proposed schedule is adopted: Plaintiffs shall have until July 2, 2024, to file for certificates of default as to the remaining defendants. Plaintiff shall have two weeks from the issuance of the certificates to file motions for default judgment.

The Clerk of Court is directed to terminate Defendant Joah Samuel from the docket.

SO ORDERED.

Dated: June 25, 2024
      New York, New York

ARUN SUBRAMANIAN
United States District Judge